UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2020

SEAN F. McAVOY, CLERK

ALEXANDRA P.,

  Plaintiff,

  v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.

No. 1:19-CV-03270-JTR

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Alexandra P. (Plaintiff); Special Assistant United States Attorney Diana Andsager represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 6, 2017, alleging disability since February 1, 2017, due to fibromyalgia, Meniere's disease, scoliosis with back pain, chronic pain syndrome, bilateral hip pain, abnormality of the legs and feet, PTSD, depression, anxiety, and weakness of her hands. Tr. 61-62. The application was denied initially and upon reconsideration. Tr. 91-99, 105-11. Administrative Law Judge (ALJ) Glenn Meyers held a hearing on July 13, 2018, Tr. 31-59, and issued an unfavorable decision on October 22, 2018, Tr. 15-26. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 162. The Appeals Council denied the request for review on September 23, 2019. Tr. 1-5. The ALJ's July 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 14, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1999 and was 18 years old as of the filing of her application. Tr. 24. She was diagnosed with scoliosis and fibromyalgia as a teenager. Tr. 385. She dropped out of high school due to pain and absenteeism, and completed her GED. Tr. 402-03, 472. She testified she tried to work for a while but was unable to keep up with work and self-care at the same time, and ended up losing her job because she called out sick multiple days per week. Tr. 39. Her treatment has primarily consisted of chiropractic adjustments. Tr. 273-384, 407-70, 478-674. She has also reported depression and various mental health symptoms due to past trauma and associated with her physical condition. Tr. 51, 402, 471-72, 701.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 22, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, scoliosis, depressive disorder, and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> She is limited to frequent reaching, handling, and fingering. She is capable of engaging in unskilled repetitive, routine tasks in two-hour increments. She can have no contact with the public. She is capable of working in proximity to but not in coordination with co-workers and occasional contact with supervisors. She is limited to occasional stooping, squatting, crouching, crawling, kneeling, and climbing of ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She would be off task at work 10% of the time but still meeting the minimum production requirements of the job. She would be absent from work about 1.5 days a month. She is limited to no work in proximity to hazardous conditions.

Tr. 19-20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cafeteria attendant, inspector packager, and assembler of electrical accessories. Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 25-26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly discounting Plaintiff's symptom testimony; (2) improperly weighing the medical opinion evidence; and (3) improperly weighing the lay witness testimony.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 4-12.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v.*

*Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20-21. The ALJ found Plaintiff's statements about her symptoms were inconsistent with the objective evidence in the record, and noted Plaintiff was able to complete odd jobs for family and friends, told her chiropractor she had a steady job, and was able to engage in activities inconsistent with her reported symptoms. Tr. 21-23.

Plaintiff argues the ALJ improperly took evidence out of context, particularly records showing that the minimal activities she engaged in exacerbated her problems or occurred prior to the alleged onset date. ECF No. 13 at 5-7. She also argues that the ALJ's finding that the objective records do not support her allegations is insufficient by itself to meet the clear and convincing standard. *Id.* at 9-10. To the extent the ALJ implied Plaintiff's conditions improved, Plaintiff points out that the record does not demonstrate sustained improvement, and improvement does not mean she no longer had any symptoms. *Id.* at 10-11.

Defendant argues the ALJ reasonably interpreted the record and pointed to numerous clear and convincing reasons for discounting Plaintiff's allegations, including inconsistent statements, activities, evidence of improvement, and a lack of support from the objective medical evidence. ECF No. 14 at 3-11.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective reports. While a claimant's activities may support

an adverse credibility finding if the claimant's activities contradict her other testimony, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), the Court finds the ALJ's discussion on this point is not supported by substantial evidence. The ALJ noted Plaintiff had done odd jobs for friends and family, was able to go camping and walk on rocks, and was able to sprint. Tr. 23. The evidence surrounding these factors is minimal, and often associated with an increase in Plaintiff's symptoms. Tr. 402 (reports only work experience as some odd jobs that were a struggle); 462 (reports going camping and has increased pain in her back); 472 (only work experience is painting a house with her grandparents); 652 (hurt her knee yesterday sprinting). These isolated incidents of attempting additional activity and experiencing increased pain do not constitute substantial evidence of Plaintiff's activity level or abilities.

      With respect to Plaintiff's statement to her chiropractor that she was able to hold a steady job, she made that report in November 2017, when she had just started the job. Tr. 668. She testified at the hearing that she was terminated in January 2018 for calling in sick multiple times per week. Tr. 39-41. The fact that she was doing better in November and believed she was able to work does not equate to sustained improvement. The records frequently document Plaintiff reporting improvement for short periods, then reporting worsening. Tr. 366, 434, 440, 448, 456, 462, 466, 640, 646, 656. While ALJs must point to examples to support their findings, "the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). Plaintiff's single report to her chiropractor that she was able to work at the moment was not representative of her longitudinal functioning or of sustained improvement.

      The only other rationale the ALJ offered for discounting Plaintiff's subjective complaints was a lack of support from the objective evidence. An ALJ may not discredit testimony as to the severity of an impairment merely because it

is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for discounting Plaintiff's subjective statements are clear and convincing, this reason alone is insufficient.

Defendant asserts the ALJ also discounted Plaintiff's reports based on her inconsistent statements, including regarding her ability to pay attention and use her hands. ECF No. 14 at 4-5. However, the ALJ did not specifically rely on inconsistent statements as a basis for disregarding Plaintiff's reports. Tr. 21-23. The things Defendant cites in his briefing were only included in the ALJ's decision in his summary of the medical evidence. "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony [they find] not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The Court finds the "inconsistent statements" identified by Defendant were not a basis the ALJ relied on in making his assessment of the reliability of Plaintiff's claims. This Court is constrained to review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

On remand, the ALJ will reconsider Plaintiff's subjective complaints.

**2.     Medical opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence by improperly rejecting the opinions from Plaintiff's chiropractor, Dr. Briggs, and a treating ARNP, Ms. Hardison. ECF No. 13 at 13-18.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner or chiropractor, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

*a. Dr. Briggs*

Plaintiff received regular chiropractic treatment from Dr. Briggs from 2016 to 2018. Tr. 726. In connection with Plaintiff's application for benefits, Dr. Briggs completed a medical source statement noting symptoms of neck, shoulder, hand, and back pain, with restricted cervical and lumbar range of motion and positive fibromyalgia exams. *Id.* He guessed that Plaintiff would be likely to miss three days of work per month if she were working full time. Tr. 727.

The ALJ gave this opinion some weight, noting that Dr. Briggs was not an acceptable medical source, and finding "the medical evidence does not support the undersigned finds that most of his opinion is consistent with the record, but the limitation for days missed [sic]."[1] Tr. 24.

Plaintiff argues the ALJ failed to justify or support this conclusion and failed to consider the fact that Dr. Briggs was Plaintiff's primary care giver. ECF No. 13 at 14-16. Plaintiff also argues that the ALJ failed to offer any explanation for the level of absenteeism he did include in the RFC, noting that the only evidence supporting the limit was the vocational testimony noting that any more than one-and-a-half days absent would render a claimant unemployable, thus indicating the ALJ's decision was outcome-driven rather than based on substantial evidence. *Id.* at 16-17.

Defendant argues an ALJ may discount an opinion that is conclusory and inconsistent with the medical record, noting Dr. Briggs did not provide an

---

[1] The Court presumes this sentence was intended to read: "The undersigned finds that most of this opinion is consistent with the record, but the medical evidence does not support the limitation for days missed."

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

explanation for his opinion and was merely guessing as to how many days Plaintiff would miss. ECF No. 14 at 13-14. The Commissioner further argues that Dr. Briggs' opinion differed wildly from the other acceptable source opinions, all of which found Plaintiff capable of full-time work. *Id.* at 14-15.

The Court finds the ALJ failed to offer any germane reasons for discounting Dr. Briggs' opinion regarding absenteeism. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. § 416.927(c)(2)(4), 416.927(f). However, the ALJ must do more than state his conclusion. He "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). While the ALJ noted the various other opinions in the record, he did not explain what parts of the record were inconsistent with Dr. Briggs' opinion and he did not offer any explanation for how he concluded that one-and-a-half days of missed work per month was supported by the record. It is therefore unclear what the ALJ's basis for the absenteeism limitation was, other than the vocational expert's testimony that 1.5 days of missed work would be the maximum tolerated. Tr. 58.

Defendant's other arguments regarding the lack of explanation and certainty in Dr. Briggs' opinion are post-hoc rationale that the ALJ did not offer, and thus will not be considered by the Court. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Accordingly, the Court finds the ALJ failed to offer a germane reason for discounting Dr. Briggs' opinion and the RFC determination lacks adequate explanation to show that it is supported by substantial evidence in the record. On remand, the ALJ shall reconsider this opinion evidence and include a discussion of how the evidence supports the RFC.

  *b. Ms. Hardison*

Plaintiff's treating ARNP, Mary Alice Hardison, completed a medical source statement regarding Plaintiff's limitations. Tr. 728-29. She noted Plaintiff's diagnoses included fibromyalgia, major depression, and scoliosis. Tr. 728. She opined Plaintiff needed to lie down for 20-60 minutes at least twice a day due to pain, and that fibromyalgia could cause fluctuating pain levels based on how much activity she engaged in. *Id.* Ms. Hardison further opined work would cause Plaintiff's condition to deteriorate and that she would miss four or more days due to episodic fibromyalgia, depending on her activity level and amount of stress. Tr. 728.

The ALJ gave this opinion little weight, noting, like Dr. Briggs, she was not an acceptable source, and "her finding that the claimant would be absent from work four days per months [sic] is also inconsistent with the claimant's treatment history." Tr. 24.

Plaintiff again argues that the ALJ failed to offer any explanation for this rejection. ECF No. 13 at 17. Defendant points to treatment records that are arguably inconsistent with the opinion, and asserts the opinion is based on treatment records showing Plaintiff did not report severe symptoms for the majority of the period and that she improved with medication and refused treatments. ECF No. 14 at 16. Defendant further points to the other acceptable sources the ALJ gave more weight to, who found Plaintiff was not disabled. *Id.* at 17.

The Court finds the ALJ's explanation was insufficient. As with Dr. Briggs, the ALJ did no more than offer his conclusion, and failed to cite to any records as evidence of inconsistency. On remand, the ALJ will reconsider this opinion and offer germane reasons for the weight assigned.

3. **Third-party evidence**

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

Plaintiff's mother completed a function report, noting Plaintiff had multiple days when she hurts so much she cannot get out of bed, and stating she was unable to maintain the attendance requirements of a normal job. Tr. 214, 221. She noted Plaintiff had problems with most physical movements, that her legs would get weak and give out, she sometimes walked with a cane, and she got distracted easily from pain and depression. Tr. 219.

The ALJ gave this opinion little weight, noting it was not supported by the treatment record. Tr. 24.

A lack of support from the overall medical evidence is not a proper basis for disregarding a lay witness's observations. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). "The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing." *Id.*

On remand, the ALJ shall reconsider the third-party evidence in completing the five-step process.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reevaluate the medical and other evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 9, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE